**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DEAPHINE COURTNEY-MILLICEN PRICE,<br><br>                    Plaintiff,<br><br>     vs.<br><br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                    Defendant. | Case No. _____<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Deaphine Courtney-Millicen Price ("Plaintiff") brings this action against defendant Portfolio Recovery Associates, LLC ("Portfolio Recovery" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.      This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Defendant has been reporting inaccurate payment status information that was published on Plaintiff's credit reports.  On September 24, 2020, Plaintiff submitted a debt validation letter to Defendant disputing the accuracy of reporting and asking Defendant to validate the details of the account.

2.      The FDCPA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendant continued to communicate the information without marking the account as disputed or otherwise updating the account as necessary.  Defendant's reporting was thus misleading as a matter of law.

3.      Plaintiff's credit score suffered as a result of the misleading information communicated by Defendant, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.  Accordingly, Plaintiff is entitled to damages.

## PARTIES

4.      Plaintiff resides in Ecorse, Michigan, and qualifies as a "consumer" as defined and protected by the FCRA.  Plaintiff is an individual, not an entity.

5.      Defendant Portfolio Recovery is a foreign corporation that regularly conducts business in this District, the principal purpose of which is to attempt to collect debts alleged to be due to another.  Portfolio Recovery qualifies as a "debt collector" under the FDCPA.

## JURISDICTION AND VENUE

6.      The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b).

## SUBSTANTIVE ALLEGATIONS

### A.      The FCRA

8.      The case involves a Portfolio Recovery collections account that was reported on Plaintiff's Experian and TransUnion credit reports.  The original creditor of the accounts was Capital One Bank, a national bank and credit card issuer.  The account was charged off and purportedly sold to Defendant in January 2018.

9.      On September 24, 2020, after Plaintiff learned that Defendant communicated inaccurate information about the collections account, Plaintiff sent a debt validation letter directly to Defendant disputing the accuracy of information on the account.

10.     Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendant to cease communicating information about the account without marking the account as disputed.

11.     On September 24, 2020, Plaintiff also disputed the Portfolio Recovery account reporting by submitting written dispute letters to Experian and TransUnion's respective FCRA compliance departments.

12.     Under the Fair Credit Reporting Act, upon receiving Plaintiff's dispute letters, Experian and TransUnion were each statutorily obligated to notify Defendant of the dispute within five days.

13.     Notification of Plaintiff's dispute triggered Defendant's statutory obligations to conduct an investigation, mark the account as disputed, and delete the disputed information from Plaintiff's account.

14.     Nonetheless, Defendant continued to communicate account information without marking the account as disputed.

15.     Plaintiff's credit score suffered as a result of the misleading information communicated by Defendant, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

## CAUSES OF ACTION

### COUNT I

### Against Portfolio Recovery for Violating 15 U.S.C. § 1692e

16.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

17.     15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Subsection (8)

of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(emphasis added).

18.     Defendant received a debt validation letter from Plaintiff stating that the information on the account was disputed.

19.     Nonetheless, Defendant continued to report the details of Plaintiff's account to the credit reporting agencies without marking the account as disputed.

20.     Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

21.     Accordingly, Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)  awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b)  awarding attorney's fees and costs, and other relief; and

c)  awarding such other relief as to this Court may seem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

4

DATED: May 26, 2021                     **COHEN & MIZRAHI LLP**

                                        */s/ Edward Y. Kroub*
                                        EDWARD Y. KROUB
                                        MOSHE O. BOROOSAN (PHV forthcoming)
                                        300 Cadman Plaza West, 12th Floor
                                        Brooklyn, NY  11201
                                        Phone: 929/575-4175
                                        Fax: 929/575-4195
                                        ekroub@cmlattorneys.com
                                        mboroosan@cmlattorneys.com

                                        *Attorneys for Plaintiff*